

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| TAMMIE L. NOVAK,<br>　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY<br>ADMINISTRATION,<br>　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 9:08-2687-HFF-BM<br>§<br>§<br>§<br>§ |

## ORDER

　　Plaintiff brought this action seeking judicial review of the final decision of Defendant, who denied her request for disability benefits. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the decision of Defendant be reversed and that this case be remanded to Defendant for the purpose of obtaining proper vocational expert testimony in compliance with Social Security Ruling (SSR) 00-4p, and for such further administrative action as is deemed necessary and appropriate. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 10, 2009, and Defendant filed its objections to the Report on June 29, 2009.

In the Report, the Magistrate Judge concluded that the case should be remanded because the Administrative Law Judge (ALJ) failed to follow the requirements of SSR 00-4p. Specifically, the Magistrate Judge concluded that remand was appropriate because the ALJ failed at the hearing to inquire into a potential conflict between the Vocational Expert's (VE) testimony and the Dictionary of Occupational Titles (DOT), even though the ALJ recognized a conflict her written decision.

The Social Security Ruling at issue states in pertinent part,

> Occupational evidence provided by a VE or VS [Vocational Specialist] generally should be consistent with the occupational information supplied by the DOT. *When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.* At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.
>             . . . .
>
> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:

> - Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> - If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, *the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled.* The adjudicator will explain in the determination or decision how he or she resolved the conflict. *The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.*

SSR No. 00-4p (2000) (emphasis added).

In her written decision, the ALJ noted, in relevant part,

> The undersigned specifically asked the vocational expert, pursuant to the requirements set forth in Social Security Ruling 00-4p, whether the opinions expressed were consistent with the occupational information provided in the Dictionary of Occupational Titles (DOT). The vocational expert testified that his testimony was consistent with the [DOT] except for the fact that the DOT does not address a sit-stand option. He further testified that his opinion in that regard was based on his professional and personal observations and experience.

(A.R. 25.)

Defendant's objections focus on two general issues. The first is whether there was even a conflict that triggered the requirements of SSR 00-4p. If there was, the second issue raised in Defendant's objections is whether SSR 00-4p was properly applied in this case. The Court will consider each issue in turn.

As cited above, the ALJ noted in her decision that the testimony of the VE was consistent with the DOT *except for* the fact that the DOT does not address a sit-stand option. The Report construed this statement as an inconsistency between the VE's testimony and the DOT. However,

3

Defendant contends that this "conflict" is not a conflict at all but rather an example of the VE filling a void in the DOT. Stated differently, "the situation wherein conflicts between what the DOT states a particular job requires and what a testifying vocational expert states that job requires, which is the situation S.S.R. 00-4p addresses, is distinct from the situation where, as here, the DOT is silent regarding a particular limitation." (Def.'s Objections 3.) The Court disagrees.

First of all, as pointed out above, the ALJ's written decision treated the lack of a sit/stand option as an inconsistency between the VE's testimony and the DOT. Second, as noted in the Report, other courts in the district have treated a VE's testimony regarding a sit/stand option as a conflict with the DOT. *See Brown v. Astrue*, No. 3:07-2914, 2009 U.S. Dist. LEXIS 26683 at *37 (D.S.C. Mar. 30, 2009) ("Nevertheless, because the VE did rely on the sedentary jobs cited by the VE, the ALJ needed to further develop the record with respect to any inconsistencies between the Plaintiff's ability (or inability) to perform the sedentary jobs as described in the DOT, e.g., whether the particular jobs provided for a sit-stand option even though not described as such in the DOT."). Third, other courts have determined that an inquiry may be necessary under SSR 00-4p even if VE testimony fails to directly conflict with the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (finding conflict where DOT was silent as to whether certain jobs could be performed by someone with certain limitations); *see also Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (noting ALJ's affirmative responsibility to ask about any conflict between VE evidence and DOT).

In short, the Court agrees with the Magistrate Judge that a conflict exists between the VE's testimony and the DOT and that this conflict triggers the requirements of SSR 00-4p. The next issue raised by Defendant's objections is whether those requirements were properly applied in this case.

Defendant argues that SSR 00-4p places no affirmative obligation on the ALJ to inquire into whether there are conflicts until a conflict becomes evident. However, at least one circuit court has explicitly rejected this argument. *See Prochaska*, 454 F.3d at 735 ("[T]he adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.") Furthermore, Defendant's interpretation is inconsistent with the language of the ruling which notes it is "part of the adjudicator's duty to fully develop the record . . . as to *whether or not* there is such consistency." SSR 00-4p (2000) (emphasis added). Third, the ALJ's own reference to the SSR in her decision reveals that she also understood the importance of inquiring into whether or not a conflict existed between the VE's testimony and the DOT. Thus, Defendant's objection in this regard is without merit.

Defendant next contends that the ALJ satisfied her obligation under the ruling based on an exchange that occurred at the beginning of the VE's testimony. That exchange went as follows: "ALJ: [VE], at any time your testimony should differ from the DOT and SCO, would you alert me to that fact, please? VE: I will." (A.R. 776.) In the remainder of the hearing, the ALJ and the VE fail to explore any conflict between the VE's testimony and the DOT, even though the VE discusses a sit/stand option, which the ALJ later classifies in her decision as conflicting with the DOT. (A.R. 779.) Thus, the ALJ failed to comply with the regulatory requirement that the adjudicator "elicit a reasonable explanation for the conflict before relying on the VE or VS evidence . . ." SSR 00-4p (2000).

In short, the Court agrees with the Magistrate Judge that the ALJ misstated the record in her written decision. Because the record discloses that the ALJ failed to comply with SSR 00-4p, as discussed in greater detail in the Report, remand is necessary.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision be **REVERSED**, and that this case be **REMANDED** to Defendant for the purpose of obtaining proper vocational expert testimony in compliance with SSR 00-4p, and for such further administrative action as is deemed necessary and appropriate.

**IT IS SO ORDERED**.

Signed this 30th day of June, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.